IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re:<br>    Margaret Soult<br>        *Debtor*<br>NRZ REO VI-B LLC<br>        *Movant*<br>        vs.<br>Margaret Soult<br>        *Debtor/Respondent*<br>Jack N Zaharopoulos<br>        *Trustee/Respondent* | Bankruptcy No: 5:22-bk-02063-MJC<br>Chapter 13 |

**NOTICE OF MOTION, RESPONSE
DEADLINE AND HEARING DATE**

NRZ REO VI-B LLC has filed with the US Bankruptcy Court a Motion for Relief from Stay regarding its rights it has under the mortgage or with respect to the property located at: 20 Sherrie Avenue, Barnesville, PA 18214

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult with an attorney.)**

1. If you do not want the Court to grant the relief sought in the motion or if you want the court to consider your views on the motion, then on or before **11/10/2022** you or your attorney must do all of the following things:

    a. **FILE AN ANSWER** explaining your position at:

    United States Bankruptcy Court
    Max Rosenn U.S. Courthouse
    197 South Main Street, Room 274
    Wilkes-Barre, PA 18701

If you mail your answer to the Bankruptcy Court Clerk's Office for filing, you must mail is early enough so that it will be received on or before the date stated above; **and**

   b. **MAIL A COPY** of the documents to the Movant's attorney:

    Hladik, Onorato & Federman, LLP
    298 Wissahickon Avenue
    North Wales, PA 19454
    Phone 215-855-9521
    Email: smccaffery@hoflawgroup.com

Case 5:22-bk-02063-MJC    Doc 7    Filed 10/27/22    Entered 10/27/22 14:37:08    Desc
Main Document    Page 1 of 6

2. If you or your attorney do not take these steps described in paragraphs 1(a) and 1(b) above and attend the hearing, the court may enter an order granting the relief requested in the motion.

3. A **HEARING ON THE MOTION** is scheduled to be held before the Hon. Mark J. Conway on **November 15, 2022** at **10:00am** in U.S. Courthouse, 197 S. Main St. Wilkes-Barre, PA.

4. If a copy of the Motion is not enclosed, a copy of the motion will be provided to you if you request a copy from the attorney named in paragraph 1(b).

5. You may contact the Bankruptcy Clerk's office(s) at 570-831-2500 to find out whether the hearing has been canceled because no one filed an answer.

        **HLADIK, ONORATO & FEDERMAN, LLP**

Date: 10/27/2022        /s / Sarah K. McCaffery, Esquire
        Sarah McCaffery, Esquire
        Hladik, Onorato & Federman, LLP
        298 Wissahickon Avenue
        North Wales, PA 19454
        Phone 215-855-9521
        Email: smcaffery@hoflawgroup.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re:<br>   Margaret Soult<br>        *Debtor*<br>NRZ REO VI-B LLC<br>       *Movant*<br>     vs.<br>Margaret Soult<br>      *Debtor/Respondent*<br>Jack N Zaharopoulos<br>      *Trustee/Respondent* | Bankruptcy No: 5:22-bk-02063-MJC<br>Chapter 13 |

**MOTION FOR *IN-REM* RELIEF FROM THE AUTOMATIC STAY
PURSUANT TO 11 U.S.C. §362**

    Movant, NRZ REO VI-B LLC, by its Attorneys, Hladik, Onorato & Federman, LLP, hereby requests a Termination of the Automatic Stay and leave to proceed with its State Court rights provided under the terms of the Mortgage.

1. Movant is NRZ REO VI-B LLC ("Movant").

2. Debtor, Margaret Soult ("Debtor"), is the current occupant of the premises located at 8036 Fairview Street, Philadelphia, PA 19136 (the "Property").

3. Co-Debtor, Gene W. Soult, passed away on February 14, 2022.

4. Jack N Zaharopoulos, Esquire is the Trustee appointed by the Court.

5. Debtor filed this instant Petition for Relief under Chapter 13 of the Bankruptcy Code on October 25, 2022.

6. Movant is the record owner of the Property by virtue of its purchase of same at the Schuylkill County Sheriff's Sale held on October 9, 2019[1], as evidenced by the Sheriffs Deed recorded on November 19, 2019, as Document #201900013440, Book 2674 and Page 2018, in the Office of the Recorder of Deeds of Schuylkill County. A true and correct copy of the Sheriffs Deed is attached hereto as Exhibit "A."

---

[1] Once the hammer falls at a properly conducted Sheriff's sale, the former Mortgagor loses all rights to the property. Pennsylvania Co. for Insurances on Lives and Granting Annuities, to Use of Jefferson Medical College of Philadelphia v. Broad Street Hospital, 354 Pa. 123, 128, 47 A.2d 281, 283 (1946).

7. Movant is entitled to In Rem Relief under 11 U.S.C. §362(d)(4) so that the Property cannot be subject to the Automatic Stay in a subsequent bankruptcy for a period of two years pursuant to 11 U.S.C. (d)(4).

8. The current bankruptcy (22-02063-MJC) is the fourth (5th) filing to stall/delay the enforcement of the right to possession of the premises at Schuylkill County Docket# S-2477-19. The filing history is as follows:

    a. Chapter 13 BK#19-03413-RNO was filed on August 8, 2019 by Co-Debtor, Gene Soult. This bankruptcy was filed on the eve of the Sheriff's sale that was scheduled for August 8, 2019. This case was dismissed on September 16, 2019 for Debtor's failure to file the required documentation with the Court.

    b. Chapter 13 BK#21-00522-HWV was filed on March 17, 2021 by Co-Debtor, Gene Soult. This case was filed only six (6) days prior to the scheduled lock-out date of March 23, 2021. This case was dismissed on April 1, 2021 for Debtor's failure to file the required documentation with the Court.

    c. Chapter 13 BK#21-00531-HWV was filed on March 18, 2021 by Debtor and Co-Debtor. This case was filed only five (5) days prior to the scheduled lock-out date of March 23, 2021. This case was dismissed on May 5, 2021 for Debtor's failure to file the required documentation with the Court.

    d. Chapter 13 BK#21-01850-MJC was filed on August 23, 2021 by Debtor and Co-Debtor. This case was filed only three (3) days prior to the scheduled lock-out date of August 26, 2021. This case was dismissed, with prejudice, on October 6, 2021 for Debtor's failure to comply with credit counseling requirements and a 180-day bar was instituted.

    e. Chapter 13 BK#22-02063-MJC was filed on October 25, 2022 by Debtor. This case was filed only three (3) days prior to the scheduled lock-out date of October 28, 2022. As of the filing of this motion, Debtor has not yet filed the required documentation with the Court.

9. The pattern is the same in each case and is an abuse of the protection afforded by the provisions of the Bankruptcy Code. The outright failure to prosecute each case together with the timing of the filings with respect to the foreclosure sale dates evidence the Debtor's(s') scheme to delay, hinder, and defraud creditors under 11 U.S.C. §362(d)(4).

10. The Debtor's current Chapter 13 filing has not been made in good faith and this violates 11 U.S.C. §1325(a)(3). Each prior case was filed on the eve of or near the date scheduled for Sheriff's Sale of the property or lock-out date, causing each sale to be stayed or postponed or the lock-out date to be rescheduled. Furthermore, Debtor has not presented a

change in circumstances that would warrant the current filing. Lastly, it appears the Debtor is not trying to gain a fresh start but is merely attempting to stop the pending foreclosure action.

11. The Debtor also fails to meet the good faith requirement imposed by 11 U.S. C. §362(d)(4), which requires a bankruptcy petitioner to propose a Chapter 13 Plan in good faith and not by any means forbidden by law. 11 U.S.C. § 1325(a)(3).

12. Cause exists for relief from the automatic stay for the following reasons:

    a. Movant's interest in the Property is not adequately protected.

    b. Based upon the record before the Court, the debtor has not acted in good faith. The serial filings warrant award of prospective In-Rem Relief as the filing of the petition was part of an attempt to delay, hinder and/or defraud creditors involving multiple bankruptcy filings affecting the Property.

13. Movant requests waiver of Rule 4001 (a)(1) permitting Movant to immediately enforce and implement any Order for relief.

14. This Motion and the averments contained herein do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this Motion, including fees and costs, due under the terms of the Mortgage and applicable law.

**WHEREFORE,** Movant respectfully requests that this Court enter an Order:

   a. Granting Movant *in rem* relief from the Automatic Stay pursuant to either 11 U.S.C. § 362 (d)(1), (d)(2) or (d)(4) for cause, including a bar to future bankruptcy filings such that any further bankruptcy filings by Debtor(s) shall not impose an automatic stay as to Movant; and

   b. In the Event of Dismissal, prohibiting the Debtor for re-filing another bankruptcy petition under any chapter, for a period of two (2) years.

   c. That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

   d. That the 14 Day Stay described by Bankruptcy Rule 4001(a)(3) be waived.

   e. For such other relief as the Court deems proper.

  f. Movant further requests that upon entry of an order granting relief from stay, it be exempted from further compliance with Fed. Rule Bankr. P. 3002.1 in the instant bankruptcy case.

               Respectfully Submitted,

               **HLADIK, ONORATO & FEDERMAN, LLP**

Date: 10/27/2022          /s / Sarah K. McCaffery, Esquire
               Sarah McCaffery, Esquire
               Hladik, Onorato & Federman, LLP
               298 Wissahickon Avenue
               North Wales, PA 19454
               Phone 215-855-9521
               Email: smcaffery@hoflawgroup.com